## BROWN *vs.* JONES.

1. A written contract of sale, containing a warranty of soundness, is the highest and best evidence of that warranty, and as such admissible to prove it, in *assumpsit* for its breach, although the consideratio n averred in the declaration is a certain sum of money, while that expressed in the written contract is defendant's acceptance for that sum.

2. In *assumpsit* for breach of warranty of the soundness of a horse, which became blind within a month after the sale, a charge based upon the condition of his eyes at the time of sale, is abstract, when the only evidence before the jury relates to their condition a month previous to that time.

ERROR to the Circuit Court of Montgomery.

Tried before the Hon. JOHN GILL SHORTER.

ASSUMPSIT by Benjamin R. Jones against Robert L. Brown, for a breach of warranty of the soundness of a horse ; the declaration containing four counts, each of which averred that defendant, at the time of sale, "falsely warranted the said horse to be sound, when in fact he was unsound." The only plea was *non assumpsit.* On the trial, the plaintiff offered in evidence the written contract of sale, containing a warranty of soundness, for the sole purpose of proving the warranty. The defendant objected to its introduction for this purpose, but his objection was overruled, and he excepted. All the facts of the case are stated, substantially, in the opinion of the court. The admis-

sion of the evidence objected to, and the refusal of the court to charge as requested, are assigned for error.

N. HARRIS, for plaintiff in error, contended, that the written contract was not admissible in evidence, because the consideration alleged in the declaration was the payment of a certain sum of money, while that expressed in the writing was defendant's acceptance for that sum.—1 Chitty's Pleadings, top pp. 304, 306, 310; Stone v. Knowlton, 3 Wend. 374; Obert v. Whitehead, 6 Hals. 294; 1 Green. Ev. §§ 66, 67; 2 Phil. Ev. (C. & H.'s Notes) 512; Burden v. Manning, 2 N. H. 290.

2. That the charge asked should have been given, because the evidence showed that the horse could see at the time of sale, but had some natural physical conformation of the eyes which might end in blindness; such conformation was not unsoundness: it requires actual disease to produce unsoundness.—Oliphant on Horses (58 Law Lib.), top p. 47 (marg. 27).

ELMORE & YANCEY, contra, contended, that there was no material variance between the contract alleged and that expressed in the writing; and that the writing was admissible to prove the warranty, even if the consideration expressed in it was different from that averred in the declaration; citing 1 Chitty's Pleadings, pp. 291, 293, 305, 314; Stark. Ev. 1533, 1534, 1565, 1603; 9 East 349; 2 N. H. 160; 1 H. Black. 283; 7 Cranch 413; 17 Cowen 343; 18 ib. 498; 7 Mass. 65.

2. That the charge asked was abstract, and therefore properly refused.

LIGON, J.—The warranty of the defendant below is, in each count in the declaration, averred to be one of general soundness, and is substantially the same in every count. The bill of exceptions distinctly states, that the instrument of writing, offered by the plaintiff below, and permitted by the court to be read in evidence to the jury, was so offered and admitted for the sole purpose of establishing what that warranty was, and is in these words:

"Received of B. R. Jones his acceptance for one hundred and sixty-five dollars, for a grey horse, due October 1st, 1850, payable at Henley's office, which horse I warrant sound.
            (Signed.)                    R. L. BROWN."
February 13th, 1850.

There is no discrepancy whatever, between the clause containing the warranty in this instrument, and the terms in which it is averred in the declaration, and it was rightly allowed to go to the jury for the purpose for which it was offered, as it is the highest and best evidence of the warranty.

2. Neither do we think there was error in refusing the charges prayed by the defendant in the court below. It was clearly shown, that he had made a general warranty of soundness at the time he sold the horse to the plaintiff; it was further proved, that he had received the full amount of the purchase money, and that the horse became blind in about thirty days after the sale. It was also deposed by a farrier, who was admitted by both parties to be skillful and fully competent to give an opinion in relation to the diseases of horses, that about a month before the sale to the plaintiff, the witness had examined the horse with the view of purchasing him, when he found that his eyes were small, black, watery and weak; but besides this the horse could see well, and the witness' opinion was, that in the summer he would go blind, and that all horses having such eyes would become blind at some period of their lives. It was also proved, that had the horse been sound, he was worth about the sum paid for him by the plaintiff. The farrier examined him in January; the plaintiff purchased him February, and he became blind in March. The record contains no proof of the condition of his eyes at the time of the sale to the plaintiff, or at any time previous, except on the occasion named by the farrier. On this proof, the defendant moved the court to charge the jury, first, that if they believed from the evidence that the horse, previous to, and at the time of the sale, had small and black-looking eyes, but before and at the time of the sale was able to see well, then the plaintiff cannot recover; second, that if they believed from the evidence that the horse, previous to and at the time of the sale, had small and black-looking eyes, but at that time could see well, the plaintiff could not recover, although horses having such eyes usually go blind." The vice of both these charges is, that there is no proof in the record upon which to base them, and consequently they are abstract. The condition of the eyes of the horse as to his ability to see well at the time of the sale, is no where even hinted at in the evidence; and as to their condition *previous* to the sale, there is no proof except the

testimony of the farrier, and that relates to a single point of time about a month before that event. Charges of this character seldom fail to withdraw the minds of the jury from the real facts of the case, and thus misguide them ; and for this reason they should never be given by the court.

To the charge given no exception is taken ; and as we have seen that the other rulings of the court are free from error, the judgment of the court below must be affirmed.